UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA CITY DIVISION

TERRY EUGENE SEARS,

    Plaintiff,

v.  Case No. 3:15cv370-MCR-CJK

RICHARD SUBASAVAGE,
Assistant Warden, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. On August 30, 2017, the undersigned found service of plaintiff's second amended complaint appropriate and directed the clerk to issue summonses for the defendants. *See* doc. 28. The undersigned explained that plaintiff was responsible for serving the complaint and warned that he was required to effect service within 90 days or the case could be dismissed. The clerk issued summonses the following day. *See* Doc. 29. Three defendants – A. Bethea, Terry Dudlley, and S. Collins – appeared and filed motions to dismiss. *See* docs. 30-34. The undersigned entered a case management order on November 13, 2017, setting a discovery deadline of April 13, 2018. *See* doc. 35.

Plaintiff filed a Motion for Extension of time to Complete and Receive Returns of Service on December 1, 2017, requesting a 20-day extension due to a

prison transfer. *See* doc. 38. The undersigned granted the motion. *See* doc. 42. Plaintiff, however, never filed returns of service indicating defendants Richard Subasavage, D. Henderson, and Scotty Langford had been served.

Pursuant to defendants' motion, and over plaintiff's objection, the undersigned stayed discovery on February 23, 2018, pending resolution of defendants' motions to dismiss. *See* doc. 54. Plaintiff filed a "Motion to Inquiry" on June 11, 2018. *See* doc. 55. In the motion, plaintiff referenced the order staying discovery. Plaintiff did not indicate in any way, however, that he had been unable to serve certain defendants or needed discovery in order to do so.[1]

On August 14, 2018, the undersigned entered a Report and Recommendation (doc. 58), recommending that defendants Bethea, Dudley, and Collins' motions to dismiss be granted. On September 27, 2018, the district judge entered an order (doc. 63) adopting the Report and Recommendation, dismissing plaintiff's claims against those defendants. In the order, the district judge noted that plaintiff had failed to timely effect service of process on the remaining defendants and provisionally dismissed plaintiff's claims against them. The district judge, however, allowed plaintiff 30 days in which to demonstrate that service of process

---

[1] Of course, given their positions, it is highly unlikely the defendants who had been served would have knowledge of the current whereabouts of the defendants who had not been served as they no longer worked at the same facility.

Case No. 3:15cv370-MCR-CJK

was timely effected or provide a reason service of process could not be timely effected.

Plaintiff responded to the order by filing a document titled "Show Cause" (doc. 69), which the clerk's office construed as a motion to show cause. In the motion, plaintiff stated that "certified process servers failed to effectuate service of process on the remaining defendants [Richard Subasavage, D. Henderson, and Scotty Langford] because Blackwater River Correctional Facility argued those defendants are no longer employed at Blackwater River Correctional Facility and supervisory officials refused to provide any other place of employment or any forwarding addresses." Doc. 69 at p. 1. Plaintiff noted that, as a prisoner, he is unable to obtain "such 'classified information' as the full names and addresses of prison officials via Florida Department of Corrections' policy and Plaintiff sought this information in his [Request for Production of Documents] but was prejudiced when U.S. Magistrate Judge granted Defendants' Motion to Stay Discovery." Doc. 370 at pp. 1-2. Plaintiff also stated that, "through due diligence," he "sought the forwarding addresses of the remaining defendants via The Geo Group, Inc. Headquarters - One Park Place, Suite 7001 621 Northwest 53rd Street, Boca Raton, FL 33487." Doc. 69 at p. 2. Plaintiff explained "Defendant Richard Subasavage was employed as Warden at [Bay Correctional Facility, 5400 Bayline Drive,

Case No. 3:15cv370-MCR-CJK

Panama City, FL 32404] and a complaint and summons was forwarded to him and Defendants' counsel was requested to provide said information but Defendant R. Subasavage did not respond to summons or filed a waiver on February 9, 2018, and so did undersigned counsel." Doc. 69 at p. 2.

The undersigned finds plaintiff has failed to show good cause for failing to timely effect service of process on Subasavage, Henderson, and Langford. In fact, it appears plaintiff was more knowledgeable and resourceful than many of the prisoner litigants who have appeared before the undersigned and simply did not act diligently in pursuing the matter. Indeed, at no time did plaintiff request assistance from the court or even indicate he was having difficulty serving the remaining defendants, including in response to defendants' motion to stay discovery.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for plaintiff's failure to timely effect service of process.

2. That the Clerk be directed to close the file for all purposes.

At Pensacola, Florida this 4th day of February, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**